Curia, per Johnston, Ch.
The only points argued before us, relate to the first and third exceptions taken by the plaintiff to the commissioner’s report; and this court is of opinion that the chancellor’s decree upon them is not erroneous.
My impression is, that the division made by the commissioners appointed by the ordinary, was unauthorized by law; and that if the plaintiff had not retained possession of the property assigned him, and otherwise signified his acquiescence in the proceeding, he might have had a new distribution. In that case, however, it is not clear that "he would have been entitled to the sum which he claims for equality of partition even if the, same negroes should again be allotted to him. We have no other evidence that these negroes fell short of the average value of a child’s share, than the opinion of the three individuals who' made the division in 1817; which upon the assumption that they had no official right to make the division, or give the opinion, is no evidence.
But as the plaintiff has affirmed that proceeding, the question which was argued on the circuit and again in this court, does arise: — whether the administrator- was liable to the plaintiff for the sum assessed in his favor in the division of 1817, considered as a valid transaction? I think that, but for a circumstance which I shall presently mention, the administrator should have been charged. By law, an administrator' is bound to make equal distribution, and to deliver to each distributee his equal share of the *29 estate: and if he withholds from one, the whole, or any part of his full share, it is no excuse that he has delivered it to another; no more than an undue application of the assets in the payment of debts, would justify the neglect of any particular creditor : and no more, it appears to me, than excessive payments to particular legatees, under a will, would exonerate the executor from satisfying the other legatees. But it appears here, by the second section of the division, that the plaintiff, as distributee of his father, in fact received more [by $95 84] than his equal share. It was only when' a subdivision came to be made of the deceased child’s share, that the plaintiff sustained a loss. But that loss fell upon him, not as a distributee of his father, but as a distributee of the deceased child. Beatie, the administrator of the father, was not responsible for that child’s share, either to the distributees of the father, or to those of the child, but to the administrator of the child, who alone could call him to account.
After the lapse of twenty-one years, the court would presume the appointment of an administrator, and payment to him; especially when aided by such circumstances as appear in this case. Then, as to the application of the $800 paid on the judgment, the court concurs in the remarks made by the chancellor; and it appears unnecessary to add any thing to what he has said. The case of Field v. Holland, fully sustains his opinion. In general, it is a rule not only of law, but of sound reason, that when an act is done, fairly susceptible of two interpretations, or to which two different operations may be justly allowed, it shall be construed most against him who does it, and in favor of the other party: and it is not perceived why the payment ■ of money should not be governed by the same principle. As between the parties, themselves, it would be difficult for the debtor to satisfy the conscience of any just man, that when he has made a general payment, without directing its application, the court should not so apply it as to promote to the highest degree the interests of the creditor. The circumstance that the persons contending here for a particular application, adverse to the interests of the creditor, are sureties, does not appear to authorize a departure from the general rule. — ■ Certainly sureties are entitled to the benefit of any equity accru *30 ing to them, personalty, from any quarter whatever, provided those equities are extrinsic to their original undertaking. And I suppose that equities merely personal to the surety, if they really are extrinsic to the original undertaking, will not be disparaged by the mere fact that the suretyship has occasioned them to exist. But, here, the very spirit of the original undertaking binds the sureties of Beatie, exactly as he was bound, and silences them from claiming as a payment upon a particular demand, that which he could not insist on as such.
T. W. Glover, for complainants.
Gregg, contra.
The motions are dismissed.
Johnson and Harper, Chancellors, concurred.